UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DANNY RIVERA,

        Plaintiff,

-against-

DETECTIVE MARTIN CAMPOS and DETECTIVE
KENNETH PASCALE,

        Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 15 2010
P.M.
TIME A.M.

**MEMORANDUM & ORDER**

10-CV-5555 (ENV) (LB)

**VITALIANO, D.J.**

  Plaintiff Jose Morales is incarcerated at Rikers Island Correctional Facility and filed this pro se action against the two detectives who arrested him, pursuant to 42 U.S.C. § 1983, alleging a violation of rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 ("ADA"). Without offering any opinion on the merits of plaintiff's claims, the action is hereby transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

  A civil action based on a federal question may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). If a case is filed in the wrong district, the Court may "transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a).

  Venue does not lie in this District based on the facts alleged on the face of the complaint. Given that the arrest and alleged injuries occurred in Manhattan, all of the events or omissions

1

giving rise to the claim occurred in New York County, New York, in the Southern District of New York. See 28 U.S.C. § 112(a). The defendants' residences are unknown. Since venue is proper in the Southern District, this action shall be transferred there. See 28 U.S.C. § 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for Southern District of New York. A ruling on plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and enforcement of the Prison Litigation Reform Act is reserved for the transferee Court. The provision of Rule 83.1 of the Local Rules for the Eastern District of New York, requiring a seven-day delay in the transfer of relevant case materials, is waived. The Clerk of Court is directed to mark this case closed.

SO ORDERED.

Dated: Brooklyn, New York
December 13, 2010

_____
ERIC N. VITALIANO
United States District Judge